926 So.2d 205 (2006)
Ronald COLEMAN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-KA-00393-COA.
Supreme Court of Mississippi.
April 11, 2006.
*206 Mark G. Williamson, Starkville, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., IRVING and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Ronald Coleman was convicted of burglary of a dwelling in the Circuit Court of Oktibbeha County, Mississippi. He was sentenced to serve a term of twenty-five years in the custody of the Mississippi Department of Corrections (MDOC), and to pay a fine in the amount of $10,000. The circuit court denied Coleman's motion for a new trial or, in the alternative, judgment notwithstanding of the verdict. Aggrieved, Coleman now appeals. He presents the following issue for this Court's review: whether his conviction should be reversed because the verdict of the jury is against the overwhelming weight of the evidence and is not sufficient to sustain the conviction. Finding no error, we affirm.

FACTS
¶ 2. On February 7, 2003, at about noon, Foronzo Harris was sleeping in his bed, when he heard a loud "boom" coming from the side-door of his house. The loud noise came from an intruder, who had kicked in, and actually broken in half, the side-door of Harris's house. Harris sprang from his bed and came face-to-face with the intruder in his living room. Shocked, the intruder fled immediately. Harris grabbed his cell phone, followed the man outside, and called 911. Harris observed the man as he backed his car out of the driveway.
¶ 3. The deputies from the Oktibbeha County Sheriff's Department arrived shortly thereafter. Harris described the intruder as a tall, slender, black male, with a medium to light complexion. Harris further informed the deputies that the intruder was wearing a maroon jacket with a black skullcap, and that he was driving a "Celebrity ... or older model car" that was "like a bluish, like grayish-bluish ... *207 with like a rack on the back." Finally, Harris described the intruder as about thirty-nine to forty-one years old.
¶ 4. On February 8, 2003, Deputies Shannon Williams and Sam Gitchell were patrolling when they noticed Coleman washing a car that fit the description given by Harris. The deputies stopped to speak with Coleman, as the video camera inside the patrol car recorded the encounter, including footage of Coleman's car. After the encounter with Coleman, Deputy Williams placed Coleman's picture in a photo line-up (a series of Polaroids) that she presented to Harris. Harris identified Coleman as the man that broke into his house. After viewing the video, Harris insisted that, without a doubt, Coleman broke into his home. Consequently, a search warrant and an arrest warrant were issued for Coleman.
¶ 5. A search of Coleman's house revealed a maroon jacket, and a pair of boots with the same identifying marks as a footprint found on the floor of Harris's house. Coleman was indicted on July 10, 2003, for burglary of a dwelling.
¶ 6. During trial, Harris testified that he observed the intruder for about "three to four to five seconds" in a brightly lit area of his house. Harris identified Coleman as the man that broke into his house, and testified that he was certain of this fact. Deputy Williams also testified for the State. She stated that she and Deputy Gitchell stopped to interview Coleman because Coleman's car resembled the car that Harris described to the deputies.
¶ 7. At the close of the State's case-in-chief, Coleman's motion for a directed verdict was denied. Coleman's defense consisted of the testimony of one witness, Deputy Archer Sallis, the first deputy to arrive at Harris's house after the burglary. Deputy Sallis testified that Harris described the intruder as having a medium to light complexion. Deputy Sallis further testified that he wrote in his report that the intruder was light complected. At the conclusion of Deputy Sallis's testimony, the defense rested.
¶ 8. On November 4, 2004, the jury returned a verdict of guilty. The trial court sentenced Coleman to serve a term of twenty-five years in the MDOC, and to pay a fine in the amount of $10,000. Coleman's motion for a new trial or, in the alternative, judgment notwithstanding of the verdict was denied. Aggrieved, he now appeals.

ANALYSIS

I. Whether Coleman's conviction should be reversed because the verdict of the jury is against the over-whelming weight of the evidence and is not sufficient to sustain the conviction.
¶ 9. Under this heading, Coleman raises two separate issues for this Court's review. Asserting that the verdict was against the overwhelming weight of the evidence and that it was not sufficient to sustain the conviction, Coleman requests that his conviction be reversed and that he be discharged. In the alternative, Coleman requests this Court to reverse and remand for a new trial. Therefore, we must distinguish between our review for challenges to the legal sufficiency of the evidence and our standard of review for challenges to the weight of the evidence.

(a) Sufficiency of the Evidence
¶ 10. A motion for a directed verdict and JNOV, as well as a request for a peremptory instruction, challenge the legal sufficiency of the evidence, "since each requires consideration of the evidence before the court when made." McClain v. State, 625 So.2d 774, 778 (Miss.1993). *208 "The standard of review for a denial of a directed verdict, peremptory instruction, and a JNOV are identical." Purnell v. State, 878 So.2d 124, 128(¶ 14) (Miss.Ct. App.2004) (quoting Hawthorne v. State, 835 So.2d 14, 21(¶ 31) (Miss.2003)). Reversal on the issue of legal sufficiency can only occur when evidence of one or more of the elements of the charged offense is such that "reasonable and fair-minded jurors could only find the accused not guilty." Purnell, 878 So.2d at 129(¶ 14) (citing Hawthorne, 835 So.2d at 21(¶ 31)). However, where substantial evidence of such quality and weight exists to support the verdict, and where reasonable and fair-minded jurors may have found the appellant guilty, we must affirm the judgment of the trial court. McClendon v. State, 852 So.2d 43, 47(¶ 11) (Miss.Ct.App.2002) (citing Baker v. State, 802 So.2d 77, 81(¶ 13) (Miss.1995)).
¶ 11. Coleman contends the trial court erred in denying his motion for a directed verdict, and he asks this Court to reverse his conviction. Thus, he challenges the sufficiency of the evidence. In support of this challenge, Coleman argues that the description of the man inside Harris's house was the description of another man, because he is a very dark-complected black male, rather than a medium to light-skinned black male. Coleman further argues that the description of the intruder's car was the description of another man's car. He asserts that his car was gray, not blue.
¶ 12. The State's evidence included pictures of Coleman's car, a bluish-gray, older model Celebrity, with a luggage rack on the back. Thus, the pictures of Coleman's car were consistent with the description given by Harris to the deputies. Moreover, Deputies Williams and Gitchell testified that their reason for interviewing Coleman was that his car resembled the car described by Harris. The State also put on evidence that Harris identified Coleman as the intruder in a photo line-up, and that after viewing a video of Coleman with his car, Harris told Deputy Williams that Coleman was definitely the man who broke into his home. Other evidence presented by the State further supports the verdict of guilty. Investigators found boots belonging to Coleman at his home that matched a print at the crime scene. Moreover, a search of Coleman's home also revealed a maroon jacket, matching the description provided by Harris of the intruder's clothes.
¶ 13. Coleman's assertion that the discrepancy between his dark complexion and the description given by Harris is sufficiently overwhelming to justify reversal is without merit. Given the State's evidence, reasonable and fair-minded jurors could have concluded that Coleman was guilty of burglary of a dwelling. Therefore, the trial court did not err in denying Coleman's motion for a directed verdict and his motion for JNOV. This issue is without merit.

(b) Weight of the Evidence
¶ 14. "As distinguished from a motion for a directed verdict or a JNOV, a motion for a new trial asks to vacate the judgment on the grounds related to the weight of the evidence, not sufficiency of the evidence." Purnell, 878 So.2d at 129(¶ 18) (citing Smith v. State, 802 So.2d 82, 85-86(¶ 11) (Miss.2001)). It is a fundamental principle of law that a jury verdict will not be disturbed except in the most extreme of situations. Washington v. State, 800 So.2d 1140, 1144(¶ 10) (Miss. 2001) (citing Manning v. State, 735 So.2d 323, 333(¶ 10) (Miss.1999)). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an *209 unconscionable injustice will this Court disturb it on appeal." Walker v. State, 881 So.2d 820, 831(¶ 32) (Miss.2004) (citing Dudley v. State, 719 So.2d 180, 182(¶ 8) (Miss.1998) (overruled on other grounds)).
¶ 15. Coleman challenges the trial court's denial of his motion for a new trial, arguing that the verdict was contrary to the overwhelming weight of the evidence. After reviewing the evidence presented by the State in support of Coleman's conviction, we cannot say that the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. We find that the facts and reasonable inferences drawn from those facts strongly point toward Coleman's guilt. Any discrepancies in the testimony were issues for the jury to decide. Therefore, this issue is without merit.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND THE SENTENCE OF TWENTY-FIVE YEARS WITHOUT ELIGIBILITY FOR PAROLE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND PAYMENT OF A FINE IN THE AMOUNT OF $10,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ROBERTS, JJ., CONCUR.